### In the Matter of Margaret Palumbo.

Domestic Relations Court of New York, Children's Court, New York County, September 7, 1939.

PANKEN, J.   In the matter of a child, fifteen years of age, who was brought into court on the petition of her own mother, I am confronted with a legal problem.

Ordinarily marriage acts as an emancipating factor.   Sometimes it is difficult to bring oneself to believe that a married woman is a child and subject to the provisions of law in protection of children. The development of the law which emancipates woman upon her marriage and its ultimate conclusions are sound.   Marriage presupposes parenthood.   It would appear anomalous that a parent is a child.   That means responsibility not only for oneself but responsibility for children.   And so, the law recognizing emancipation through the medium of marriage is logical.   It finds its root in common sense, and will hold good in the ordinary situation.

Under our law a person is deemed to continue to be a child until he reaches the age of sixteen, though many persons continue to be children long after that.   Many certainly continue to be children until they reach the age of eighteen, which ordinarily brings to an end, in some measure at least, adolescence.

The law contemplated, when it required consent of a justice of the Children's Court to a marriage of a child under the age of sixteen, that the marriage *ipso facto* does not emancipate; and marriage only is permitted if a justice of the Children's Court is satisfied that the person or persons entering on such a relationship are physically fit, mentally mature and otherwise adequate to discharge the obligations imposed or that might be imposed upon them by reason of such marriage.

The inescapable conclusion is that it was not the intention of the law to permit children to be neglected by those charged with the duty to look after them just because children have entered upon a marriage relationship, no more than the law contemplated that a child, because it is married, is to be treated as an adult and tried as such for any infraction of the law whether it be a felony or otherwise.   The law would still regard such a person, under the age of sixteen, even though that person is married, to be a child, and the Children's Court division of the Domestic Relations Court of the City of New York would have jurisdiction of such child " who violates any law of the United States or of this State or any ordinance of the city of New York, or who commits any act which if committed by an adult would be an offense punishable otherwise

than by death or life imprisonment." (Dom. Rel. Ct. Act, § 2, subd. 15.)

Does the fact that the parents have consented to the marriage of the child before me to a man twenty years of age place this girl in a different situation? Does the fact that the child had been taken to a foreign jurisdiction, evidently to escape the provisions of the law of the State in which all parties concerned resided, strip the court of jurisdiction when the child is either delinquent or neglected? I do not think so. She is still a child and the court would have jurisdiction; moreover, it has the duty to protect this youngster not only against herself but against the parents who were parties to the plan by which the child and her husband were not required to undergo the necessary investigation and test both physically and mentally before the marriage would have been sanctioned or the marriage consented to by this court.

The little girl tells me very frankly that she does not love the man she is married to; that she thought she loved him and thought so only for a period of two months. It may be that there is some remedy in law which will save the child from the yoke placed on her shoulders. It is not for this court to enter upon that problem. The court will take jurisdiction even though the child before it is married. I can well conceive a situation where a parent will marry off a child twelve years of age or eleven years of age. The circumstances would be only more aggravated, but no different from the circumstances governing the facts before me.